Green, J.
(dissented.) At the October term, 1831, of the county court of Davidson, the plaintiffs obtained judgments against the heirs of B. H. Lanier. These were rendered on the 18th day of the month, and on the 22d, and during the same term, several other judgments were obtained against the same defendant. Executions on all the judgments came to the hands of the sheriff the same day, were all on the same day levied on the land, which was sold by virtue of them all. The sheriff made a special return of these facts, and the plaintiffs moved the court to direct the application of the money to the satisfaction of their executions in preference to those obtained on the 22d, The court refused to do this, but directed the money to be applied in equal proportions to all the judgments.
The question now is, whether those judgments which were obtained on the 18th are to be preferred. In the case of Hickman vs. Murfree, (Mar. and Yer. Rep. 26,) this court decided that a judgment was a lien on the defendant’s lands. In Murfree’s lessee vs. Carmack and Williams, determined at the present term, the court decide that a judgment does not relate to the first day of the term, but is limited to the day of the term on which it is entered up. I am satisfied that decision was correct. Why resort to the common law fiction, that the judgment relates to the first day of the term, when the reason of it has ceased. Here, our records speak of the proceedings of .the court on each day; of its adjournment to a specified hour the next morning, and of its meeting at that *373 hour. The minutes, too, of the proceedings of each day, are signed by the court on the succeeding morning, after having been read and corrected.
What would he the consequence of this doctrine of relation, were the courts to adhere to this fiction of the common law? The term of this court commenced the first Monday of March, and will continue until the last of May. Many of the county courts continue in session only a few days. Suppose one of these courts to sit on the 2d Monday of March, and render a judgment against a debtor. The execution may issue, and the land be sold before the rise of this court. And yet, if this doctrine of relation be law here, a judgment may be pronounced the last day of this term in favor of another plaintiff against the same defendant, and by relating to the first day of the term, would be á lien on the land precedent to that by virtue of which it may have been sold. Should the land be re-sold by yirtue of the execution founded on such judgment, how is the purchaser to get back his money? The land is purchased when no lien exists upon it, and the purchaser acquires a good title. Shall he be deprived of it by a fiction of law? Surely not. But in the case supposed, if the land were not sold until after the rise of this court, and both executions are in the hands of the sheriff at the same time, would it not be absurd that a judgment obtained the 30th of May, should take precedence in satisfaction to one obtained the 10th of March? And yet such would be the inevitable consequence, if a judgment relates to the first day of the term. None of these absurdities exist in England, and it may be well enough said there, that the fiction was resorted to for the ends of justice. But here, where we have one hundred and fifty courts in the State, whose judgnen^-arsssS^ien on all the lands of the party against^who^TfeitLt^^ wherever those lands may be sitimt£dj^>tfie doctrine is wholly unsuited, and if adopted, wov cious in its consequences. As between *374 be well enough; but as it relates to others, whether pur- , . , ,. . . £ chasers or judgment creditors, it is unreasonable. If a judgment does not relate to the first day of the term, the question is settled. It there is a lien from the time it is rendered, and must have precedence of one rendered on a later day in the same term of the same court, the court would have no power after the land has been sold, to order an equal distribution of the money among creditors, whose judgments were obtained on different days. The precedence of lien, confers a prior right, which the court cannot take away.
I therefore think the judgment should be reversed, and that the sheriff pay the money in his hands in satisfaction of the judgments obtained the 18th of the month, and distribute the balance among those whose judgments were obtained the 22d, and that the defendant in error pay the costs.
Whyte, J.
delivered no opinion in this cause, because of his absence during part of the argument.
Judgment affirmed.